UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
Pitbull Productions, Inc.,
    Plaintiff

-against-

Yocko Distributors Inc., Lenny Yocko,
Judy Yocko, 14th Street DVD Center,
John Doe "Miami" (true name unknown),
various John Does, the names being
fictitious as the true identity is unkown,
    Defendants.
------------------------------------x

**Judge Berman**

06-CV 13667



RECEIVED DEC 01 2006 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, Pitbull Productions, Inc., by and through their attorneys, Meredith & Keyhani, PLLC, complaining of the defendants, alleges:

## THE PARTIES

    1.    Plaintiff, Pitbull Productions, Inc. ("Pitbull"), is a company organized and registered in Delaware under the laws of Delaware with a place of business at 200 East 116th Street, Suite 2N, New York, New York 10029.

    2.    On information and belief, Defendant, Yocko Distributors is a corporation organized and existing under the laws of the States of New York with a place of business at 307 W. 38th Street, New York, New York.

    3.    Upon information and belief, Lenny Yocko is an officer/ shareholder or partner or proprietor of the defendant Yocko Distributors, Inc.

    4.    Upon information and belief, Judy Yocko is an officer/ shareholder or partner or proprietor of the defendant Yocko Distributors, Inc.

5. Upon information and belief, 14th Street DVD Center, 112-114 West 14th Street, New York, NY 10011 is a business operating under the laws of the State of New York.

6. John Doe, known as "Miami" is an individual who resides in the State of New York, address unknown.

7. Various John Does are unknown persons and/or business entities.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1338, and §1367 as the present case arises under the Lanham Act, 15 U.S.C. §1051 et seq., as amended, false designation of origin and unfair competition as well as unfair competition arising under the common law of the State of New York and as is hereinafter more fully described.

9. Plaintiff has received numerous trademark registrations from the United States Patent and Trademark Office including trademark Registration Number 3,129,121 for "Thug porn", Application Number 78725369 for Hot & Creamy (allowed, awaiting registration number), Registration Number 2,938,064 for a Thugporn logo, Registration Number 2,934,966 for a Thugporn logo, Registration Number 2,975,836 for a Thugporn logo.

10. Plaintiff also has various common law trademarks including a common law trademark in the Pitbull Productions logo.

11. Plaintiff sells their goods through an exclusive distributor, Marina Pacific.

12. Defendants know that goods may only be bought direct at retail price or through Marina Pacific for wholesale prices.

13. Defendants had previously asked Plaintiff for wholesale pricing. Plaintiff refused and told Defendants they had to purchase the videos from Marina Pacific or pay retail.

14. Defendants know and knew they could only purchase videos from Marina Pacific.

15. It is believed that Defendants, knowing they could only purchase videos from Marina Pacific, conspired with various John Does to obtain stolen goods in an effort to undercut Plaintiff and trade off of the goodwill established by plaintiff.

16. On or about November 15, 2006, approximately 4000 digital videos of various titles, all stamped with the Thugporn trademarks (Registration Numbers 3,129,121, 2,934,064, 2,934,966 and 2975,836) and the Pitbull Productions logo were stolen from Plaintiff's office. The retail value of the DVDs is approximately $170,000.

17. Defendants have sold the stolen goods directly to consumers despite knowing that the goods were stolen. Consumers now believe they can obtain Plaintiff's product at lower prices.

18. 14th Street DVD Center has sold the stolen goods, including unreleased DVD's.

19. Plaintiff's supply chain is no longer viable as consumers are now able to obtain Plaintiff's stolen goods at lower prices. Plaintiff has suffered great losses in that not only were the goods stolen and they have lost sales on the stolen goods, but they are also unable to sell replacement goods because of the damage to the marketplace.

20. Consumers are confused as to the source and origin of the goods.

21. Plaintiff has not authorized any of the Defendants to sell stolen goods and in fact many of the stolen goods were unreleased videos, devaluing those goods and making them available prior to their release at cut rate prices.

## COUNT I –UNFAIR COMPETITION

22. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 21 as through fully set forth herein

23. Defendants' aforesaid activities constitute unfair competition under the Lanham Action, including Section 43(a) and New York Common Law of Plaintiff's trademark rights.

24. Defendants' acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the DVDs sold by Defendants are related to, connected to, or approved by Plaintiff when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

25. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 24 as though fully set forth herein.

26. Defendants' aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

27. Defendants' use of Plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendants and Plaintiff as to the origin, sponsorship or approval of the DVD's provided by Defendants.

## COUNT III – FALSE ADVERTISING

28. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 though 27 as though fully set forth herein.

29. Defendants have used plaintiff's trademarks in interstate commerce to misrepresent the nature, characteristics, qualities and geographic origin.

30. Defendants' aforesaid activities constitute false advertising under section 43(a) of the Lanham Act.

**WHEREFORE**, Plaintiff prays that:

A. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, during the pendency of this action as preliminary injunction and permanently thereafter from:

1. Using the Plaintiff's trademarks or any colorable imitation of Plaintiff's trademarks, in connection with the sale of videos;

2. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected or associated with Plaintiff, or Plaintiff's business.

B. Defendants, their agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants be required to deliver up for destruction all videos, DVDs, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the Plaintiffs trademarks or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks.

D. Within ten (10) days after the entry of an order for preliminary or permanent injunction, Defendants be required to notify in writing each of their former and current customers as to the entry of the Court's injunction against the sales of any videos utilizing Plaintiff's trademarks, or any colorable imitation of Plaintiff's trademarks.

H. Plaintiff recover the Defendants' profits, as well as the damages sustained by Plaintiff due to Defendants' sale of Plaintiff's trademarked good, such amount of profits and damages to be trebled.

I      Defendants be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants has complied with the terms of the injunction.

J      Awarding Plaintiff such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

K      Defendants be required to pay Plaintiff the costs of this action, together with reasonable attorney's fees and disbursements.

L      Defendants be required to deliver any already produced copies of the Hot & Creamy videos to Plaintiff for destruction.

M      Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated: November 29, 2006      Respectfully Submitted,

Jennifer Meredith (JM 4816)
**Meredith & Keyhani, PLLC**
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819
Attorney for Plaintiff
Pitbull Productions, Inc.