UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Pitbull Productions, Inc.                                    :    Case No.: 06 CV 13667 (RMB)
                                                             :
        Plaintiff,                                       :
                                                             :
   -against-                                              :
                                                             :    **ANSWER TO FIRST**
Yocko Distributors Inc., Lenny Yocko, Judy Yocko,:    **AMENDED COMPLAINT**
14th Street DVD Center, Angel D. Ramirez, 300     :    **AND CROSS-CLAIM**
Video Center, 300 DVD Center, John Doe "Miami" :
(true name unknown), various John Does, the names:
being fictitious as the true identity is unknown,  :
                                                             :
        Defendants.                                      :
---------------------------------------------------------------X

      Defendants, Yocko Distributing, Inc., erroneously identified in the First Amended Complaint as Yocko Distributors Inc. ("Yocko"), Lenny Yocko ("L. Yocko") and Judy Yocko ("J. Yocko"), 14th Street DVD Center, Inc. erroneously identified in the First Amended Complaint as 14th Street DVD Center ("14th Street DVD"), 300 Video Center, Inc. erroneously identified in the First Amended Complaint as 300 Video Center ("300 Video") and 300 DVD Center, Inc. erroneously identified in the First Amended Complaint as 300 DVD Center ("300 DVD"), (collectively referred to as "Defendants") for their Answer to Pitbull Productions, Inc.'s ("Plaintiff" or "Pitbull") Fist Amended Complaint, state as follows:

## THE PARTIES

    1.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

    2    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the First Amended Complaint.

4. Deny the allegations contained in paragraph 4 of the First Amended Complaint.

5. Deny the allegations contained in paragraph 5 of the First Amended Complaint.

6. State that a response to the allegations contained in paragraph 6 of the First Amended Complaint is not required as the allegations are not directed at the answering Defendants.

7. Deny the allegations contained in paragraph 7 of the First Amended Complaint.

8. Deny the allegations contained in paragraph 8 of the First Amended Complaint.

9. State that a response to the allegations contained in paragraph 9 of the First Amended Complaint is not required as the allegations are not directed at the answering Defendants.

10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint.

## JURISDICTION AND VENUE

11. Deny the allegations contained in paragraph 11 of the First Amended Complaint, except admit that Plaintiff alleges that this Court has jurisdiction and that venue is proper in this district.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint.

15. Deny the allegations contained in paragraph 15 of the First Amended Complaint.

16. Deny the allegations contained in paragraph 16 of the First Amended Complaint.

17. Deny the allegations contained in paragraph 17 of the First Amended Complaint.

18. Deny the allegations contained in paragraph 18 of the First Amended Complaint.

19. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the First Amended Complaint.

20. Deny the allegations contained in paragraph 20 of the First Amended Complaint.

21. Deny the allegations contained in paragraph 21 of the First Amended Complaint.

22. Deny the allegations contained in paragraph 22 of the First Amended Complaint.

23. Deny the allegations contained in paragraph 23 of the First Amended Complaint.

24. Deny the allegations contained in paragraph 24 of the First Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT I - UNFAIR COMPETITION**

25. With respect to paragraph 25 of the First Amended Complaint, Defendants restate each and every response to paragraphs 1 through 24 of the First Amended Complaint as though fully set forth herein.

26. Deny the allegations contained in paragraph 26 of the First Amended Complaint.

27. Deny the allegations contained in paragraph 27 of the First Amended Complaint.

**AS AND FOR A RESPONSE TO COUNT II - FALSE DESIGNATION OF ORIGIN**

28. With respect to paragraph 28 of the First Amended Complaint, Defendants restate each and every response to paragraphs 1 through 27 of the First Amended Complaint as though fully set forth herein.

29. Deny the allegations contained in paragraph 29 of the First Amended Complaint.

30. Deny the allegations contained in paragraph 30 of the First Amended Complaint.

## AS AND FOR A RESPONSE TO COUNT III - FALSE ADVERTISING

31. With respect to paragraph 31 of the First Amended Complaint, Defendants restate each and every response to paragraphs 1 through 30 of the First Amended Complaint as though fully set forth herein.

32. Deny the allegations contained in paragraph 32 of the First Amended Complaint.

33. Deny the allegations contained in paragraph 33 of the First Amended Complaint and deny the allegations which are contained in the **WHEREFORE** clause which follows immediately thereafter.

## FIRST AFFIRMATIVE DEFENSE

34. The First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

## THIRD AFFIRMATIVE DEFENSE

All or some of the claims contained in the First Amended Complaint are pending in an action between Plaintiff and certain defendants which is presently pending in the Supreme Court of the State of New York, County of New York bearing Index No.: 06-603983.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have acted in good faith at all times relevant hereto.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages sustained by Plaintiff were the result of acts committed by third parties over whom Defendants had and have no control.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants were a bona fide legitimate purchaser in good faith of the alleged infringing tapes.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants have offered to return to Plaintiff any infringing tapes in their possession upon proper proof that such tapes are infringing.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the First Sale Doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred, in whole or in part, as the tapes are used, altered or refurbished goods.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, inasmuch as Plaintiff has named improper parties.

## CROSS-CLAIM
### (Indemnification)

36. Defendants by way of cross-claim against defendant Angel Ramirez ("Ramirez") state, upon information and belief, as follows:

37. Defendant Ramirez represented to Defendants that he was duly authorized to sell the tapes at issue.

38. Based on Ramirez's representation, defendant Yocko purchased 735 tapes at fair market price.

39. Thereafter, defendant Yocko was informed by Mr. Edward Desmond, who identified himself as a Special Agent, that the tapes it had purchased were stolen.

40. Mr. Desmond then advised defendant Yocko that his company produced the tapes.

41. Defendant Yocko immediately requested proof from Mr. Desmond that the tapes were stolen.

42. Mr. Desmond failed to provide any such proof.

43. Defendants' purchase of the tapes was a legitimate arm's length transaction.

44. Defendants were bona fide purchasers of the tapes.

45. To the extent Ramirez was not authorized to sell the tapes and to the extent it is determined that Defendants are liable in any way and in any amount Defendants seek indemnification over Ramirez for any such damages.

**WHEREFORE,** Defendants respectfully request that the First Amended Complaint be dismissed with prejudice and that they be awarded costs, expenses, disbursements, attorneys fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 11, 2007

LAW OFFICES OF JOEL LEVY, ESQ.


By: s/ Joel Levy
    Joel Levy, Esq. (JL-3479)
224 West 35th Street
New York, New York 10001
(212) 594-9222

Attorneys for Defendants